IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| RUDOLPH EPPS, | * | | |
|---|---|---|---|
| | * | | |
| Petitioner | * | Crim. No. | PJM 07-0089 |
| | * | Civil No. | PJM 16-1764 |
| v. | * | | |
| | * | | |
| UNITED STATES OF AMERICA | * | | |
| | * | | |
| Respondent | * | | |

## MEMORANDUM OPINION

Rudolph Epps, through counsel, has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF No. 18. For the reasons stated below, the Court **DENIES** his Motion.

On November 16, 2009, Epps pled guilty to four counts of bank robbery, in violation of 18 U.S.C. § 2113. On April 20, 2010, the Court sentenced him to a total term of 188 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1. The Court made this determination after adopting the finding of Epps's presentence report indicating that the offense of bank robbery was a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement. Specifically, the Court found that Epps had prior convictions for robbery under Maryland law and prior convictions for bank robbery under federal law that qualified as "crimes of violence."

On February 29, 2016, the Office of the Federal Public Defender notified Chief Judge Blake of the District Court of Maryland that Epps was one of 459 defendants it had identified as possibly being eligible for relief under 28 U.S.C. § 2255 on the grounds that the new rule of constitutional law announced in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct.

1

1257 (2016), might apply to his case. ECF No. 17. Chief Judge Blake agreed and appointed the Federal Public Defender to assist Epps in preparing a § 2255 proceeding. On June 1, 2016, the present motion was filed. The Government did not file a response.

Epps argues that, in light of the Supreme Court's recent decision in *Johnson*, he is no longer a career offender, since his instant offense of bank robbery no longer qualifies as a crime of violence and his prior convictions for robbery and bank robbery no longer qualify as career offender predicates. In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Epps argues that it follows from *Johnson* that the identical residual clause in the career offender provision of the Sentencing Guidelines (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. However, on March 6, 2017, the Supreme Court held in *Beckles v. United States*, __ U.S.__, 137 S. Ct. 886 (2017) that *Johnson* does not apply to U.S.S.G. § 4B1.2(a)(2) because, unlike the ACCA, the Guidelines are advisory only. Thus, challenges under § 2255 to sentences imposed under the sentencing guidelines are not subject to *Johnson* challenges.

Since Epps's motion rests entirely on the argument that *Johnson* applies to his claim, the Court **DENIES** his Motion to Correct Sentence Under 28 U.S.C. § 2255.

A separate Order will **ISSUE**.

                                                _____/s/_____
                                                **PETER J. MESSITTE**
                                    **UNITED STATES DISTRICT JUDGE**

**September 27, 2017**